# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America )<br>v. )<br>)<br>JOSE MONTES -01 )<br>SCOTT TACKITT -02 )<br>)<br>)<br>_____ )<br>*Defendant(s)* | Case No.<br>1:25-mj-0103-MKK |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 29, 2025__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 846 | Conspiracy to Possess with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine |
| 21 U.S.C. §§ 841(a)(1) | Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine |
| 18 U.S.C. § 922(g)(1) | Possession of Firearms by a Previously Convicted Felon |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Todd Bevington
*Complainant's signature*

Todd Bevington, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__ *(reliable electronic means)*

Date: 1/31/2025

City and state: Indianapolis, IN

Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

1. I, Todd J. Bevington, am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since December of 2013. Prior to ATF, I was a police officer and detective with the Richmond, Virginia, Police Department for over thirteen years. I graduated from the Federal Law Enforcement Training Center and am currently assigned to the ATF-Indianapolis Field Office. I have participated in numerous state and federal firearms and narcotics investigations.

2. This affidavit is submitted in support of a criminal complaint charging Jose MONTES (date of birth XX/XX/1982) with Conspiracy to Distribute more than 50 grams of a Mixture or Substance Containing a Detectable amount of Methamphetamine, in violation of Title 21, United States Code, Section 841/846 and Possession of Firearms by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1) and Scott TACKITT (date of birth XX/XX/1976) with Conspiracy to Distribute more than 50 grams of a Mixture or Substance Containing a Detectable amount of Methamphetamine, in violation of Title 21, United States Code, Section 841/846 and Possession with Intent to Distribute more than 50 grams of a Mixture or Substance Containing a Detectable amount of Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). The information contained in the below numbered paragraphs is either personally known to me or told to me by other law enforcement officers.

**Facts Supporting Probable Cause**

3. In November 2024, Scott TACKITT contacted an undercover detective (UC) and stated he had access to large amounts of methamphetamine. Following this conversation, investigators utilized the UC to purchase multi-ounce quantities of methamphetamine[1] on four occasions between November 2024 and January 2025. Based on these purchases, investigators were able to identify TACKITT's methamphetamine source of supply (SOS) as Jose MONTES. That is, investigators observed TACKITT travel to MONTES's Indianapolis residence to obtain the methamphetamine prior to delivering the methamphetamine to the UC during each of the controlled purchases.

4. On January 29, 2025, the UC contacted TACKITT and arranged to purchase three ounces of methamphetamine (that is, in excess of 50 grams). TACKITT agreed and told the UC he needed to get the methamphetamine from his SOS. TACKITT stated he would need to get the UC's money (pre-recorded official funds) before going to meet his SOS.

5. After TACKITT picked up the money from the UC, surveillance officers followed TACKITT to MONTES' residence located on East 22nd Street in Indianapolis, Indiana. TACKITT picked up MONTES, and investigators followed TACKITT and MONTES to a second Indianapolis residence. Surveillance officers

---

[1] After each controlled purchase, the purchased methamphetamine was submitted to the Indianapolis/Marion County Forensics Services Agency for laboratory testing tested positive for the presence of methamphetamine in the amounts described herein. These methamphetamine exhibits are being sent to the Drug Enforcement Administration laboratory to confirm the purity of the methamphetamine; from my observations of these exhibits, I anticipate they will collectively weigh well in excess of 50 grams of methamphetamine (actual).

observed TACKITT's vehicle parked in front of the second residence, and noted MONTES was no longer in the vehicle with TACKITT. TACKITT contacted the UC and indicated "his guy (meaning MONTES) is inside grabbing it (that is, obtaining the methamphetamine)." TACKITT then sent a text to the UC stating that he had to drop MONTES back off at MONTES's residence and then TACKITT would come directly to the UC with the three ounces of methamphetamine.

6. A short time later, surveillance officers observed MONTES exit the second residence and re-enter TACKITT's vehicle. Investigators followed TACKITT and MONTES back to MONTES's residence an observed MONTES exit TACKITT's vehicle. TACKITT then traveled to the UC's location to deliver the UC the methamphetamine.

7. When TACKITT arrived to meet the UC, TACKITT was taken into custody. While investigators were ordering TACKITT to exit his vehicle, TACKITT reached towards the driver's floorboard area and appeared to be discarding an object. When TACKITT exited the vehicle, investigators observed a plastic bag containing suspected methamphetamine with a hole ripped in the bag. Investigators observed suspected methamphetamine strewn throughout the front passenger floorboard/center console. As such, investigators believe TACKITT was attempting to discard/destroy the methamphetamine when investigators were ordering him to exit the vehicle.

7. TACKITT was placed under arrest and search incident to his arrest, investigators recovered $100 of the pre-recorded official funds from TACKITT's person. Investigators were also able to recover approximately 40 grams of

suspected methamphetamine[2] from throughout the front passenger compartment/center console of TACKITT's vehicle.

8. Investigators had previously obtained a federal search warrant for MONTES' residence. After TACKITT was arrested, investigators executed the search warrant and detained MONTES at the residence.

9. While searching MONTES' residence, investigators recovered a loaded Glock, Model 17, 9mm pistol from the kitchen counter and two shotguns from the basement.[3] Investigators also located additional quantities of suspected controlled substances inside the residence, including fentanyl and methamphetamine.

10. MONTES was advised of his *Miranda* warnings; MONTES waived his rights and agreed to speak with investigators. In the discussion about the firearms found in the residence, MONTES stated he had obtained the firearms inside the residence during the past couple months. MONTES stated the guns were for protection. MONTES stated he had been convicted of felony drug offenses in the past and was aware he could not legally possess firearms as a convicted felon.

---

[2] The suspected methamphetamine recovered from TACKITT's vehicle was submitted for official laboratory analysis. As set forth herein, TACKITT and MONTES both stated post-*Miranda* that the substance was methamphetamine. Based on my experience in this and numerous other narcotics related investigations, I believe the suspected methamphetamine to be actual methamphetamine based on the appearance and texture.

[3] A fourth firearm was located in MONTES' bedroom after MONTES was transported to jail. As such, MONTES was not asked about this firearm when he was interviewed by investigators, as set forth below).

11.     A computerized criminal history check (CCH) of MONTES showed MONTES had, in fact, sustained numerous felony convictions in Indiana, to include: possession of a narcotic drug, under cause #49D23-2002-F6-006255 and possession of a marijuana, under cause #49G14-0709-FD-181441.

12.     An interstate nexus expert with ATF reviewed the firearms characteristics and determined that the firearms were not manufactured in the State of Indiana.  By virtue of their presence in the State of Indiana, therefore, the firearms had to have been transported or shipped in interstate or foreign commerce

## Conclusion

13.  Based on the facts set forth in this Affidavit, your Affiant submits that probable cause exists that on January 29, 2025, in the Southern District of Indiana, Scott TACKITT, Possessed with the Intent to Distribute more than 50 grams of a Mixture or Substance Containing a Detectable amount of Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1); and Conspired to Distribute more than 50 grams of a Mixture or Substance Containing a Detectable amount of Methamphetamine, in violation of  Title 21, United States Code, Section 841/846.  Further, Jose MONTES, Conspired to Distribute more than 50 grams of a Mixture or Substance Containing a Detectable amount of Methamphetamine, in violation of Title 21, United States Code, Section 841/846 and Possessed numerous Firearms as a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).

14. I respectfully request this Court issue a Criminal Complaint charging TACKITT and MONTES accordingly, along with a warrant for their arrest.

/s/ Todd Bevington
Todd Bevington, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 1/31/2025

Paul R. Cherry
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana